EDWARD H. KUBO, JR.  2499
United States Attorney
District of Hawaii

MARK A. INCIONG   163443
Assistant U.S. Attorney
Room 6100, PJKK Federal Building
300 Ala Moana Blvd.
Honolulu, Hawaii 96850
Telephone:  (808) 541-2850
Facsimile:  (808) 541-2958
E-mail: mark.inciong@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CV. NO. 07-00473 JMS/BMK |
| | ) | CR. NO.  05-00027 JMS |
| Plaintiff-Respondent, | ) | |
| | ) | UNITED STATES' RESPONSE AND |
| vs. | ) | OPPOSITION TO DEFENDANT'S |
| | ) | PETITION TO VACATE SENTENCE |
| ERIC K. HO, | ) | PURSUANT TO 28 U.S.C. § 2255; |
| | ) | EXHIBITS A-G; REQUEST FOR AN |
| Defendant-Petitioner. | ) | EVIDENTIARY HEARING |
| | ) | |

GOVERNMENT'S MEMORANDUM OPPOSING DEFENDANT'S
PETITION TO VACATE, SET ASIDE OR CORRECT
SENTENCE AND FOR AN EVIDENTIARY HEARING
PURSUANT TO 28 U.S.C. § 2255

COMES NOW the United States of America, by and through

Edward H. Kubo, Jr., United  States Attorney, and Mark A.

Inciong, Assistant United States Attorney, and hereby files its

response to Petitioner's request to vacate, set aside or correct

his sentence pursuant to 28 U.S.C. § 2255.  The United States

also requests an evidentiary hearing to determine the veracity of

Defendant's claim that he ordered his attorney to file a notice

of appeal and the attorney failed to do so.  Said response is

based upon the files and records of this case, together with the

attached statement of facts and memorandum of points and
authorities.

**I**

**<u>HISTORY OF THE CASE</u>**

On February 9, 2005, a federal grand jury in the
District of Hawaii returned a first superseding indictment
charging Petitioner Eric K. Ho ("Ho"), along with co-defendants
Sean Carillo and Zuleika Carter, with conspiracy to distribute 50
grams or more of methamphetamine, in violation of 21 U.S.C. §§
841(a)(1) and 846.  (See Exhibit A attached.)

On September 30, 2005, Ho pled guilty to conspiracy to
distribute 50 grams or more of methamphetamine, in violation of
Title 21, United States Code, §§846 and 841(a)(1) pursuant to a
written plea agreement. (See Exhibit B attached.)

On March 3, 2006, this Court sentenced Petitioner to
180 months in custody.  At sentencing, the Court departed
downward to the statutory mandatory minimum of 240 months from
the applicable guideline range of 262-327 months after being
informed of Ho's affliction with the terminal illness known as
Joseph-Machado disease.  (See Transcript of Sentencing Hearing
attached as Exhibit C at pages 17-19.)  The Court also granted
the United States motion for a downward departure pursuant to
United States Sentencing Guidelines Section 5K1.1 and sentenced
Ho to the 180 month sentence.  On March 9, 2006, the Court
entered its judgment in the case. (See Judgment In a Criminal

2

Case attached as Exhibit D.)  Based on the sentence pronounced,
Petitioner waived any appeal or collateral attack pursuant to the
plea agreement.  (See Exhibit B at pages 9-10.)

On September 12, 2007, Petitioner filed a motion
pursuant to 28 U.S.C. § 2255.  Ho alleges four different grounds
for setting aside his sentence in his motion: (1) that his
counsel did not file a motion for downward departure based on his
affliction with Joseph-Machado disease; (2) that his sentence was
improperly "enhanced" due to "double counting" and his attorney
did not file any objections regarding the presentence report;
(3) that he asked his attorney to file a notice of appeal and his
attorney did not do so; and, (4) that Petitioner should not have
been sentenced as a manager in the conspiracy to which he pled
guilty.

I

ARGUMENT

A.    THE MOTION IS BARRED BY THE PLEA AGREEMENT

Generally, a motion pursuant to 28 U.S.C. § 2255 is barred
by a waiver of appeal and collateral attack.  United States v.
Abarca, 985 F.2d 1012, 1014 (9th Cir.), cert. denied, 508 U.S.
979 (1993); Jones v. United States, 167 F.3d 1142, 1145 (7th Cir.
1999) ("[W]aivers are enforceable as a general rule; the right to
mount a collateral attack pursuant to § 2255 survives only with
respect to those discrete claims which relate directly to the
negotiation of the waiver.") (synthesizing Abarca and other
cases).

1.    <u>Aggravating Role</u>

Ho entered into a plea agreement in which he specifically stipulated to being "an organizer, manager and leader in the conspiracy which is the basis of Count 1 of the First Superseding Indictment."  (See Exhibit B at page 9, paragraph d.)  The statement of facts to which Ho stipulated in the plea agreement clearly establish that he was a leader and the individual who directed the actions of his co-defendants in order to obtain and distribute methamphetamine.  (See Exhibit B, pages 4-6.)

Furthermore, the Court directly questioned Ho as to his aggravating role asking:

> "And you're agreeing or stipulating that you were an organizer, leader or manager which could result in -- potentially result in a greater sentence under the guidelines.  Do you understand that?

> Ho responded, "Yes."

> (See Transcript of Guilty Plea Proceeding, attached as

Exhibit E, page 15.)

Here, petitioner pled guilty and was sentenced below the applicable guideline range pursuant to an agreement under which he waived his right to appeal and collateral attack. Thus, he is now precluded from attempting to attack any part of his conviction and sentence other than for claims of ineffective assistance of counsel.  Therefore, his motion based on his claim of an unjustified aggravating role should be denied.

**B.   PETITIONER'S COUNSEL WAS NOT INEFFECTIVE.**

In order to prevail on an ineffective assistance of counsel claim, a defendant must show deficient performance by counsel and prejudice to the defense.  Strickland v. Washington, 466 U.S. 668, 687 (1984);  United States v. Swanson, 943 F.2d 1070, 1073 (9th Cir.1991).   A section 2255 petitioner must overcome the "strong presumption that counsel's conduct falls within the wide range of reasonable assistance."  United States v. Strickland, 466 U.S. 668, 689 (1984).

2.   Downward departure for terminal illness.

Petitioner claims that his counsel was ineffective because he did not adequately argue for or file a written motion for downward departure based on his affliction with Joseph-Machado disease.   This argument fails because, while no motion was filed beforehand, Ho's attorney did successfully argue for such a departure at the sentencing hearing.  Defense counsel's arguments resulted in the Court granting the largest reduction possible by departing from the 262-327 month applicable guideline range down to the statutory mandatory minimum of 240 months. Thus, regardless whether any written motion was filed or even if the defense had hired expert witnesses to testify as to the effects of Joseph-Machado disease, the court could not have departed any further even if it so desired.  (See Exhibit C, pages 17-19.[1])   Therefore, by definition, not only was Ho's

---

[1]  Ho's attorney also argued, albeit unsuccessfully, the legal theory that the Court could depart below the mandatory

(continued...)

counsel not ineffective, due to the factors in play on this issue, he could not, literally, have been any more effective.

2.    Double Counting re: Criminal History

Although Ho's motion is unclear at best, the Government construes his argument that he was "enhanced" by "double counting" in the presentence report as a claim that his criminal history score and/or category were inaccurate or over represented and that his attorney should have filed an objection to the presentence report.   Ho's argument must fail because, first, his attorney did file an objection to the presentence report's criminal history calculation (See Objections to Presentence Report, attached as Exhibit F).   A review of the objection filed by Ho's counsel clearly shows his attorney carefully and diligent reviewed Ho's criminal history and compared it with that reported in the presentence report.   The fact of the matter, however, was because Ho had previous felony convictions for both a controlled substance offense and a crime of violence, he was a career offender under the Sentencing Guidelines and there was nothing his attorney could say or do to change that.

Finally, when specifically asked by the Court, Ho confirmed that he had reviewed the presentence report and had no objections to it.  (See Exhibit C at pages 2-3.)

_____

[1](...continued)
minimum sentence due to the terminal illness because the Government had moved for a downward departure pursuant to USSG Section 5K1.1 which, if granted, would "pierce" the mandatory minimum.

3.   <u>Notice of Appeal</u>

Finally, Ho claims he asked his attorney to file a notice of appeal - despite the fact that he had waived virtually all of his appellate rights in his plea agreement.  As demonstrated in the attached declaration of his attorney, Craig T. Kimsel, Ho never made such a request to Kimsel and, had Ho made the request, Kimsel would have filed a notice of appeal. (See declaration of Craig T. Kimsel, attached as Exhibit G.)

Accordingly, the United States requests an evidentiary hearing, pursuant to <u>United States v. Sandoval-Lopez</u>, 409 F.3d 1193 (9th Cir. 2005), so the Court can determine the veracity, or lack thereof, of Defendant's claim.

**III.**

<u>**CONCLUSION**</u>

Because Ho waived his right to appeal pursuant to his plea agreement, his motion should be denied.  Also, Petitioner has not and cannot show any deficient performance by his attorney in this case.  Accordingly, the portions of his motion claiming ineffective assistance of counsel should be denied as well.

Dated: Honolulu, Hawaii, October 10, 2007.

EDWARD H. KUBO, JR.
United States Attorney
District of Hawaii


By <u>/s/ Mark A. Inciong</u>
  MARK A. INCIONG
  Assistant U.S. Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA

7

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was duly mailed, first class, postage prepaid, to the following:

ERIC K. HO
Reg. No. 95353-022
Federal Correctional Institution
9595 W. Quincy Avenue
Littleton, Colorado 80123
Pro Se

DATED: October 11, 2007 at Honolulu, Hawaii.


    /s/ Janice Tsumoto