AO 245B (Rev. 12/03) Sheet 1 - Judgment in a Criminal Case

ORIGINAL



FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

MAR 09 2006

at 8 o'clock and 40 min A M
SUE BEITIA, CLERK

# United States District Court
## District of Hawaii

| UNITED STATES OF AMERICA | JUDGMENT IN A CRIMINAL CASE |
|---|---|
| v. | (For Offenses Committed On or After November 1, 1987) |
| ERIC K. HO, aka Erick Ho | Case Number: 1:05CR00027-002 |
| | USM Number: 95353-022 |
| | Craig T. Kimsel, Esq. |
| | Defendant's Attorney |

## THE DEFENDANT:

[✔] pleaded guilty to count(s): 1 of the First Superseding Indictment.
[ ] pleaded nolo contendere to counts(s) ___ which was accepted by the court.
[ ] was found guilty on count(s) ___ after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 21 U.S.C. §§841(a)(1) and 846 | Conspiracy to possess with intent to distribute 50 grams or more of methamphetamine | 1/4/2005 | 1 |

The defendant is sentenced as provided in pages 2 through 6 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

[ ] The defendant has been found not guilty on counts(s) ___ and is discharged as to such count(s).

[ ] Count(s) ___ (is)(are) dismissed on the motion of the United States.

It is further ordered that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

March 3, 2006
Date of Imposition of Judgment

Signature of Judicial Officer

**J. MICHAEL SEABRIGHT**, United States District Judge
Name & Title of Judicial Officer

March 7, 2006
Date

# EXHIBIT D

AO 245B (Rev. 12/03) Sheet 2 - Imprisonment

CASE NUMBER:       1:05CR00027-002                                                     Judgment - Page 2 of 6
DEFENDANT:         ERIC K. HO, aka Erick Ho

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of 180 MONTHS .

[✔]  The court makes the following recommendations to the Bureau of Prisons:
     BOP facility where defendant's medical condition is monitored appropriately.
     That the defendant participate in the 500 Hour Comprehensive Drug Treatment Program.

[✔]  The defendant is remanded to the custody of the United States Marshal.

[ ]  The defendant shall surrender to the United States Marshal for this district.
     [ ] at ___ on ___.
     [ ] as notified by the United States Marshal.

[ ]  The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
     [ ] before _ on ___.
     [ ] as notified by the United States Marshal.
     [ ] as notified by the Probation or Pretrial Services Officer.

## RETURN

I have executed this judgment as follows:

_____
_____
_____

        Defendant delivered on_____ to _____
at _____ , with a certified copy of this judgment.


                                                              _____
                                                              UNITED STATES MARSHAL

                                                        By    _____
                                                              Deputy U.S. Marshal

AO 245B (Rev. 12/03) Sheet 3 - Supervised Release

CASE NUMBER:     1:05CR00027-002                                              Judgment - Page 3 of 6
DEFENDANT:       ERIC K. HO, aka Erick Ho

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of 5 YEARS.

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state, or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of commencement of supervision and at least two periodic drug tests thereafter but no more than 15 valid drug tests per month during the term of supervision.

[ ]   The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check if applicable.)

[✔]   The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon (Check if applicable.)

[✔]   The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check if applicable.)

[ ]   The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check if applicable.)

[ ]   The defendant shall participate in an approved program for domestic violence. (Check if applicable.)

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

# STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow instructions of the probation officer;
4) the defendant shall support his or her dependants and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training or other acceptable reasons;
6) the defendant shall notify the probation officer ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B (Rev. 12/03) Sheet 3 - Supervised Release

| | |
|---|---|
| CASE NUMBER: | 1:05CR00027-002 |
| DEFENDANT: | ERIC K. HO, aka Erick Ho |

Judgment - Page 4 of 6

# SPECIAL CONDITIONS OF SUPERVISION

1. That the defendant shall participate in and comply with substance abuse treatment which includes drug and alcohol testing in a program approved by the Probation Office. The defendant is to refrain from the possession and/or use of alcohol while participating in substance abuse treatment.

2. That the defendant shall submit his person, residence, place of employment, or vehicle to a search conducted by the U.S. Probation Office at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of supervision. Failure to submit to a search may be grounds for revocation. The defendant shall warn any other resident that the premises may be subject to search pursuant to this condition.

AO 245 S (Rev. 12/03) Sheet 5, Part B - Criminal Monetary Penalties

CASE NUMBER:        1:05CR00027-002                                                      Judgment - Page 5 of 6
DEFENDANT:          ERIC K. HO, aka Erick Ho

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|        | Assessment | Fine | Restitution |
|--------|------------|------|-------------|
| Totals: | $ 100.00  | $    | $           |

[ ]  The determination of restitution is deferred until       . An *Amended Judgment in a Criminal Case* (AO245C) will be entered after such a determination.

[ ]  The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. §3664(i), all non-federal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss*** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
|   |   |   |   |

**TOTALS**                    $ _                              $ _

[ ]  Restitution amount ordered pursuant to plea agreement   $ _

[ ]  The defendant must pay interest on restitution and a fine of more than $2500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. §3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. §3612(g).

[ ]     The court determined that the defendant does not have the ability to pay interest and it is ordered that:

   [ ]      the interest requirement is waived for the       [ ] fine      [ ] restitution

   [ ]      the interest requirement for the    [ ] fine      [ ] restitution is modified as follows:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

AO 245 S (Rev. 12/03) Sheet 5, Part B - Criminal Monetary Penalties

CASE NUMBER:       1:05CR00027-002                                              Judgment - Page 6 of 6
DEFENDANT:         ERIC K. HO, aka Erick Ho

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

A    [ ]    Lump sum payment of $ _ due immediately, balance due
             [ ]    not later than _ , or
             [ ]    in accordance    [ ] C,    [ ] D,    [ ] E, or    [ ] F below, or

B    [✔]    Payment to begin immediately (may be combined with    [ ] C,    [ ] D, or    [ ] F below); or

C    [ ]    Payment in equal _ (e.g., weekly, monthly, quarterly) installments of $ _ over a period of _ (e.g., months or years), to commence _ (e.g., 30 or 60 days) after the date of this judgment ; or

D    [ ]    Payment in equal _ (e.g., weekly, monthly, quarterly) installments of $ _ over a period of _ (e.g., months or years), to commence _ (e.g., 30 or 60 days) after the release from imprisonment to a term of supervision; or

E    [ ]    Payment during the term of supervised release will commence within _ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F    [ ]    Special instructions regarding the payment of criminal monetary penalties:

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the Clerk of the Court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

[ ]    Joint and Several

       Defendant and Co-Defendant Names and Case Numbers (including defendant number, Total Amount, Joint and Several Amount, and corresponding pay, if appropriate.

[ ]    The defendant shall pay the cost of prosecution.

[ ]    The defendant shall pay the following court cost(s):

[ ]    The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

ORIGINAL

AO 245B (Rev. 6/05) Criminal Judgment
Attachment Page 1 - Statement of Reasons                                                                        (Not For Public Disclosure)

| DEFENDANT: | ERIC K. HO aka Erick Ho | | | DATE: March 3, 2006 |
| --- | --- | --- | --- | --- |
| CASE NUMBER: | 95353-022 | | | |
| Social Security: # 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 | Date of Birth: 11/7/1970 | Home address: None | Mailing address: None | |

## District of Hawaii
## STATEMENT OF REASONS
### (Not for Public Disclosure)

**I.  COURT FINDINGS ON PRESENTENCE INVESTIGATION REPORT**

A  [✓]  The court adopts the presentence report without change.

B  [ ]  The court adopts the presentence investigation report but with these changes:
(Check all that apply and specify court determination, findings or comments, referencing paragraph numbers in the presentence report, if applicable.) (Use page 4 if necessary)

  1  [ ]  **Chapter Two of the U.S.S.G. Manual** determinations by court (including changes to base offense level or specific offense characteristics):

  2  [ ]  **Chapter Three of the U.S.S.G. Manual** adjustment determinations by court (including changes to victim-related adjustments, role in the offense, obstruction of justice, multiple counts, or acceptance of responsibility):

  3  [ ]  **Chapter Four of the U.S.S.G. Manual** determinations by court (including changes to criminal history category or scores, career offender, or criminal livelihood determinations):

  4  [ ]  **Additional Comments or Findings** (including comments or factual findings concerning certain information in the presentence report that the Federal Bureau of Prisons may rely on when it makes inmate classification, designation, or programming decisions):

C  [ ]  The record establishes no need for a presentence investigation report pursuant to Fed.R.Crim.P.32.

**II  COURT FINDING ON MANDATORY MINIMUM SENTENCE (Check all that apply.)**

A  [ ]  No count of conviction carries a mandatory minimum sentence

B  [ ]  Mandatory minimum sentence imposed.

C  [✓]  One or more counts of conviction alleged in the indictment carry a mandatory minimum term of imprisonment, but the sentence imposed is below a mandatory minimum term because the court has determined that the mandatory minimum does not apply based on

  [ ]  findings of fact in this case

  [✓]  substantial assistance (18 U.S.C. § 3553(e))

  [ ]  the statutory safety valve (18 U.S.C. § 3553(f))

**III  COURT DETERMINATION OF ADVISORY GUIDELINE RANGE (BEFORE DEPARTURES):**

| Total Offense Level | 34 | | |
| --- | --- | --- | --- |
| Criminal History Category | VI | | |
| Imprisonment Range | 262 | to | 327 |
| Supervised Release Range | | to | 10 |
| Fine Range $ | $ 17,500 | to | $ 8,000,000 |

[✓]  Fine waived or below the guideline range because of inability to pay

AO 245B (Rev. 6/05) Criminal Judgment
Attachment Page 2 - Statement of Reasons                                                                (Not For Public Disclosure)

DEFENDANT: ERIC K. HO aka Erick Ho                                                                      DATE: March 3, 2006
CASE NUMBER: 95353-022

## District of Hawaii
# STATEMENT OF REASONS
### (Not for Public Disclosure)

**IV  ADVISORY GUIDELINE SENTENCING DETERMINATION** (Check only one)

    A  [ ]  The sentence is within an advisory guideline range that is not greater than 24 months, and the court finds no reason to depart

    B  [ ]  The sentence is within an advisory guideline range that is greater than 24 months, and the specific sentence is imposed for these reasons.(Use page 4 if necessary.)

    C  [✓]  The court departs from the advisory guideline range for reasons authorized by the sentencing guidelines manual. (Also complete Section V.)

    D  [ ]  The court imposed a sentence outside the advisory sentencing guideline system. (Also complete Section VI.)

**V.  DEPARTURES AUTHORIZED BY THE ADVISORY SENTENCING GUIDELINES** (If applicable.)

    A  **The sentence imposed departs** (Check only one)
        [✓]  below the advisory guideline range
        [ ]  above the advisory guideline range:

    B  **Departure based on** (Check all that apply.):

        1  **Plea Agreement** (Check all that apply and check reason(s) below.):
            [✓]  5K1.1 plea agreement based on the defendant's substantial assistance
            [ ]  5K3.1 plea agreement based on Early Disposition or "Fast-track" Program
            [ ]  binding plea agreement for departure accepted by the court
            [ ]  plea agreement for departure, which the court finds to be reasonable
            [ ]  plea agreement that states that the government will not oppose a defense departure motion

        2  **Motion Not Addressed in a Plea Agreement** (Check all that apply and check reason(s) below.)
            [ ]  5K1.1 government motion based on the defendant's substantial assistance
            [ ]  5K3.1 government motion based on Early Disposition or "Fast-track" Program
            [ ]  government motion for departure
            [ ]  defense motion for departure to which the government did not object
            [ ]  defense motion for departure to which the government objected

        3  **Other**
            [ ]  Other than a plea agreement or motion by the parties for departure (Check reason(s) below):

    C  **Reason(s) for Departure** (Check all that apply other than 5K1.1 or 5K3.1.)

| | | |
|---|---|---|
| [ ] 4A1.3 Criminal History Inadequacy | [ ] 5K2.1 Death | [ ] 5K2.11 Lesser Harm |
| [ ] 5H1.1 Age | [ ] 5K2.2 Physical Injury | [ ] 5K2.12 Coercion and Duress |
| [ ] 5H1.2 Education and Vocational Skills | [ ] 5K2.3 Extreme Psychological Injury | [ ] 5K2.13 Diminished Capacity |
| | [ ] 5K2.4 Abduction or Unlawful Restraint | [ ] 5K2.14 Public Welfare |
| [ ] 5H1.3 Mental and Emotional Condition | [ ] 5K2.5 Property Damage or Loss | [ ] 5K2.16 Voluntary Disclosure of Offense |
| [ ] 5H1.4 Physical Condition | [ ] 5K2.6 Weapons and Dangerous instruments | [ ] 5K2.17 High-Capacity Semiautomatic Firearm |
| [ ] 5H1.5 Employment Record | | [ ] 5K2.18 Violent Street Gang |
| [ ] 5H1.6 Family Ties and Responsibilities | [ ] 5K2.7 Disruption of Government Function | [ ] 5K2.20 Aberrant Behavior |
| | | [ ] 5K2.21 Dismissed and Uncharged Conduct |
| | | [ ] 5K2.22 Age or Health of Sex Offenders |
| [ ] 5H1.11 Military Record, Charitable Service, Good Works | [ ] 5K2.8 Extreme Conduct | [ ] 5K2.23 Discharged Terms of Imprisonment |
| | [ ] 5K2.9 Criminal Purpose | [ ] Other guideline bases(e.g., 2B1.1 commentary) |
| [ ] 5K2.0 Aggravating or Mitigating circumstances | [ ] 5K2.10 Victim's Conduct | |

    D  **Explain the facts justifying the departure.**(Use page 4 if necessary):

0

AO 245B (Rev. 6/05) Criminal Judgment
Attachment Page 2A - Statement of Reasons                                                                 (Not For Public Disclosure)

DEFENDANT:    ERIC K. HO aka Erick Ho                                                                     DATE: March 3, 2006
CASE NUMBER: 95353-022

# District of Hawaii
# STATEMENT OF REASONS
# (Not for Public Disclosure)

The Court determines that the sentence imposed under the Section IV and/or Section V is reasonable in light of the statutory factors set forth in 18 U.S.C. § 3553(a).

Additional Facts Justifying the sentence in this case (if applicable)

AO 245B (Rev. 6/05) Criminal Judgment
Attachment Page 3 - Statement of Reasons                                                              (Not For Public Disclosure)

DEFENDANT:   ERIC K. HO aka Erick Ho                                                            DATE: March 3, 2006
CASE NUMBER: 95353-022

## District of Hawaii
# STATEMENT OF REASONS
## (Not for Public Disclosure)

**VI  COURT DETERMINATION FOR SENTENCE OUTSIDE THE ADVISORY GUIDELINE SYSTEM** (Check all that apply)

**A  The sentence imposed is** (Check only one)
  - [ ] below the advisory guideline range
  - [ ] above the advisory guideline range:

**B  Sentence imposed pursuant to** (Check all that apply.):

  **1  Plea Agreement** (Check all that apply and check reason(s) below.):
   - [ ] binding plea agreement for a sentence outside the advisory guideline system accepted by the court
   - [ ] plea agreement for a sentence outside the advisory guideline system, which the court finds to be reasonable
   - [ ] plea agreement that states that the government will not oppose a defense motion to the court to sentence outside the advisory guideline system

  **2  Motion Not Addressed in a Plea Agreement**
   - [ ] government motion for a sentence outside of the advisory guideline system
   - [ ] defense motion for a sentence outside of the advisory guideline system to which the government did not object
   - [ ] defense motion for a sentence outside of the advisory guideline system to which the government objected

  **3  Other**
   - [ ] Other than a plea agreement or motion by the parties for a sentence outside of the advisory guideline system (Check reason(s) below)

**C  Reason(s) for Sentence Outside the Advisory Guideline System** (Check all that apply)
  - [ ] the nature and circumstances of the offense and the history and characteristics of the defendant pursuant to 18 U.S.C. § 3553(a)(1)
  - [ ] to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense (18 U.S.C. § 3553(a)(2)(A))
  - [ ] to afford adequate deterrence to criminal conduct (18 U.S.C. § 3553(a)(2)(B))
  - [ ] to protect the public from further crimes of the defendant (18 U.S.C. § 3553(a)(2)©)
  - [ ] to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner (18 U.S.C. § 3553(a)(2)(D))
  - [ ] to avoid unwarranted sentencing disparities among defendants (18 U.S.C. § 3553(a)(6))
  - [ ] to provide restitution to any victims of the offense (18 U.S.C. § 3553(a)(7))

**D  Explain the facts justifying a sentence outside the advisory guideline system.** (Use page 4 if necessary)

AO 245B (Rev. 6/05) Criminal Judgment
   Attachment Page 4 - Statement of Reasons                                                              (Not For Public Disclosure)

DEFENDANT:    ERIC K. HO aka Erick Ho                                                        DATE: March 3, 2006
CASE NUMBER: 95353-022

## District of Hawaii
## STATEMENT OF REASONS
### (Not for Public Disclosure)

**VII   COURT DETERMINATION OF RESTITUTION**

   A   [✔] Restitution Not Applicable.

   B   Total Amount of Restitution ____.

   C   **Restitution not ordered** (Check only one):

   1   [ ]   For offenses for which restitution is otherwise mandatory under 18 U.S.C. § 3663A, restitution is not ordered because the number of identifiable victims is so large as to make restitution impracticable under 18 U.S.C. § 3663(c)(3)(A)

   2   [ ]   For offenses for which restitution is otherwise mandatory under 18 U.S.C. § 3663A, restitution is not ordered because determining complex issues of fact and relating them to the cause or amount of the victims losses would complicate or prolong the sentencing process to a degree that the need to provide restitution to any victim would be outweighed by the burden on the sentencing process under 18 U.S.C. § 3663(c)(3)(B)

   3   [ ]   For offenses for which restitution is otherwise mandatory under 18 U.S.C. § 3663 and/or required by the sentencing guidelines, restitution is not ordered because the complication and prolongation of the sentencing process resulting from the fashioning of a restitution order outweigh the need to provide restitution to any victims under, 18 U.S.C. § 3663(a)(1)(ii).

   4   [ ]   Restitution is not ordered for other reasons. (Explain).


   D   [ ]   Partial restitution is ordered for these reasons (18 U.S.C. § 3663©)


**VIII   ADDITIONAL FACTS JUSTIFYING THE SENTENCE IN THIS CASE (If applicable.)**



                                                             March 3, 2006
                                              _____
                                              Date of Imposition of Judgment

                                              _____
                                              Signature of Judge

                                              J. Michael Seabright, United States District Judge
                                              Name and Title of Judge

                                              March 7, 2006
                                              _____
                                              Date Signed