IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> v. ) <br> ) <br> ERIC K. HO, ) <br> ) <br> Defendant. ) <br> ) <br> ) <br> _____ ) | CV No. 07-00473 JMS/BKM <br> CR No. 05-00027 JMS <br><br><br> MEMORANDUM OF LAW |

## MEMORANDUM OF LAW

**I. FACTS**

On February 9, 2005, Defendant Eric K. Ho was indicted in Count 1 for the offense of conspiracy to possess with intent to distribute 50 grams or more of methamphetamine in violation of 21 U.S.C. Section 841(a)(1) and 846. Shortly after indictment, the government filed a Special Information giving notice of its intention to seek enhanced penalties pursuant to 21 U.S.C. Section 851, based on defendant's prior convictions.

On or about September 30, 2005, pursuant to a plea agreement with the government Mr. Ho pled guilty to Count 1 of the indictment. Sentencing was set and continued to March 3, 2006.

Prior to sentencing, on January 13, 2006, former counsel Craig Kimsel filed his objections to the draft sentencing report on behalf of defendant. The government then filed a Motion for Downward Departure, and a memorandum in support of its motion.

On March 3, 2006, sentencing was held where defendant was sentenced to 180 months (15 years). The government's motion for downward departure was also granted. Upon receiving his sentence, Mr. Ho asked counsel to file an appeal. The entry of Judgment was filed on March 9, 2006 and counsel failed to file an appeal within ten days as required under Rule 4 FRAP and no request for an appeal was made within thirty days thereafter. At a status conference on May 15, 2006, counsel withdrew as Defendant's attorney.

On June 6, 2006, Notice of Appeal was filed and voluntarily dismissed on September 11, 2006.

Sometime prior to September 12, 2007, Defendant mailed a handwritten Motion to Vacate, Set Aside, or Correct Sentence that was filed on September 12, 2007.

Two status hearings were held in November 2007 and an evidentiary hearing was set on Defendant's motion for February 11, 2008.

## II. ARGUMENT

**A.     Defendant received ineffective assistance of counsel.**

The Court has recognized that "the right to counsel is the right to the effective assistance of counsel." McMann v. Richardson, 397 U.S. 759, 771, 90 S.Ct. 1441, 25 L.Ed.2d 763 (1970)"

Counsel, however, can also deprive a defendant of the right to effective assistance, simply by failing to render "adequate legal assistance," Cuyler v. Sullivan, 446 U.S. at 344, 100 S.Ct, at 1716-1719.

The court shall vacate and set a judgment aside and shall discharge the prisoner or re-sentence him or grant a new trial or correct the sentence as may appear appropriate, if the court finds that the sentence imposed was not authorized by law, or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack. 28 U.S.C. Section 2255

### i. Ineffective assistance to timely notice an appeal.

Defendant who has waived his right to appeal as part of plea or sentence agreement always retains right to complain that sentence was in excess of bargain. People v. Nguyen, 13 Cal.App.4th 114, 16 Cal.Rptr.2d 490,Cal.App. 4 Dist.,1993 ( 1993)

Counsel appointed for state appeal who finds defendant's case to be wholly frivolous, after conscientious examination, should so advise court and request permission to withdraw, supplying brief referring to anything in record that might

arguably support appeal; copy of brief should be furnished defendant with time allowed to raise any points that he chooses, whereupon court should proceed, after full examination of all proceedings, to decide whether case is wholly frivolous, granting request to withdraw if it finds case to be frivolous, and affording assistance of counsel to argue appeal if it finds legal points arguable on merits. U.S.C.A. Const. Amendments 6 and 14.

Trial counsel's failure to file timely notice of appeal amounted to ineffective assistance of counsel which prejudiced defendant unless defendant consented to abandonment of his appeal. U.S.C. A. Const. Amend 6. United States v. Horodner, 993 F.2d 191, 195 (9th Cir. 1993) (ineffective assistance where counsel failed to file timely notice of appeal).

Defendant asserts that "I asked my lawyer to file and he said he would but did not. He said I had no grounds for an appeal, but he didn't do anything for me." There is nothing on the record that counsel filed a timely appeal for defendant and there is no evidence that defendant consented to abandonment of a right to appeal.

Furthermore, Defendant who claimed he was denied assistance of counsel by trial counsel's failure to file timely notice of appeal did not have to make initial showing, without assistance of any counsel, that he had non-frivolous or arguably meritorious issue to raise on appeal. U.S.C. A. Const. Amend 6.

Defendant does not specify what advice counsel gave him regarding not having any appeal issue, however he should have protected Defendant's right to an appeal and not let his rights lapse.

### ii. Ineffective Assistance at Sentencing

a. Prior counsel failed to adequately prepare for sentencing or file a motion for downward departure based on defendant's "extraordinary" medical condition - his affliction with Joseph-Machado Disease.

Defendant alleges that his counsel was ineffective at sentencing because of his failure to be prepared to argue for departure based on Defendant's infliction with Joseph-Machado's Disease.

To prevail on a claim of ineffective assistance of counsel, Defendant must show both that his counsel's representation fell below an objective standard of reasonableness and that counsel's deficient performance prejudiced the defense. Strickland v. Washington, 466 U.S. 668, 687-88, 104 S.Ct. 2052, 2064, 80 L.Ed. 2d. 674 (1984).

Deficient performance requires "that counsel's representation fell below an objective standard of reasonableness." Id. at 688.

First, the defendant must show that, considering all the circumstances, counsel's performance fell below an objective standard of reasonableness. To this end, the defendant must identify the acts or omissions that are alleged not to have been the result of reasonable professional judgment. The court must then determine

whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance. Second, the defendant must affirmatively prove prejudice. He must show that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome. U.S. v. Schaflander, 743 F.2d 714 (9th Cir.1984).

Because the ineffective assistance of counsel claim is based on counsel's failure to inform and enlighten the court about Defendant's medical condition, Defendant, provides the following to show acts or omissions by counsel and how the failure to present evidence prejudiced him.

18 U.S.C. 3553(a)(2)(D) directs the court to fashion that provides defendant with needed medical care "in the most effective manner".

Defendant alleges that he informed counsel that he had a "terminal illness". He identified the illness to counsel as Joseph-Machado Disease. Counsel did not learn about this disorder prior to sentencing to understand the seriousness as well as the progressive debilitating effect it has on Defendant.

Counsel was not prepared to adequately argue Defendant's disease, as a factor in sentencing to the court. The transcript of the sentencing hearing shows: Counsel didn't know the name of the disease; he was unsure how defendant got this "disease" - from his mother's side or father's side of the family - as it is a

proven genetic disorder; he could not describe the symptoms of the disorder to the Judge; or the effect it has over time, to effective argue to the judge that this disorder fit as an extraordinary reason for departure in Defendant's sentence. (See transcript of proceeding dated March 3, 2006, page 10 line 17-23) Defendant may have been entitled to a downward departure based on his "extraordinary" medical illness which is progressing and terminal. 18 U.S.C. 3553(a)(2)(D). As a result, counsel did not exercise that reasonable skill in making a 3553 type argument at sentencing.

Additionally, 18 U.S.C. 3582(c)(1)(A), says in part:

(A) the court, upon motion of the Director of the Bureau of Prisons, may reduce the term of imprisonment (of a person who is already serving a sentence – after considering the factors set forth in section 3553(a) … if it finds that –

(i) extraordinary and compelling reasons warrant such a reduction.

The Sentencing Guideline Commission determined examples and what criteria should be considered extraordinary and compelling reasons. 28 U.S.C. 994(t). Included on the list is "terminal illness" which is defined as Permanent physical or medical condition … that substantially diminishes the ability of the defendant to provide self-care within a correctional facility and for which conventional treatment promises no substantial improvement. Experiencing deteriorating physical or mental health because of the aging process … that

substantially diminishes the ability of the defendant to provide self-care within a correctional facility and for which conventional treatment promises no substantial improvement. USSC guideline

Defendant may be entitled to modification of his sentence at this time pursuant to 18 U.S.C. 3582(c) due to this recognized extraordinary medical condition.

### III. CONCLUSION

In conclusion, for the above mentioned reasons, this Court should grant Mr. Ho's motion and argue resentencing and/or allow him to appeal.

DATED: Honolulu, Hawaii: January 4, 2008.

MICHAEL J. PARK
Attorney for Defendant