IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| ERIC K. HO, | ) | CR. NO. 05-00027-02 JMS |
| | ) | CIVIL NO. 07-00473 JMS-BMK |
| Petitioner, | ) | |
| | ) | ORDER DENYING PETITIONER'S |
| vs. | ) | MOTION TO VACATE, SET ASIDE, |
| | ) | OR CORRECT A SENTENCE |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

**ORDER DENYING PETITIONER'S MOTION TO VACATE,
SET ASIDE, OR CORRECT A SENTENCE**

On September 12, 2007, petitioner Eric K. Ho ("Ho") filed a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence ("§ 2255 Motion"). The United States filed an opposition on October 11, 2007, and Ho, represented by counsel, filed a supplemental memorandum in support of his motion on January 4, 2008. An evidentiary hearing was held on February 11, 2008. For the following reasons, the Court DENIES the § 2255 Motion.

**I. BACKGROUND**

On February 9, 2005, Ho was charged by a federal grand jury with knowingly and intentionally conspiring with Sean W. Carillo and Zuleika Carter to distribute fifty grams or more of methamphetamine, its salts, isomers, and salts of

its isomers. Ho entered a plea of guilty to that charge on September 30, 2005. In a Memorandum of Plea Agreement, Ho expressly waived his right to appeal his sentence except under limited circumstances:

> 13. The Defendant is aware that he has the right to appeal the sentence imposed under Title 18, United States Code, Section 3742(a). Defendant knowingly waives the right to appeal, except as indicated in subparagraph "b" below, any sentence within the maximum provided in the statute(s) of conviction or the manner in which that sentence was determined on any of the grounds set forth in [18 U.S.C. § 3742], or on any ground whatever, in exchange for the concessions made by the prosecution in this plea agreement.
>
> a. The Defendant also waives his right to challenge his sentence or the manner in which it was determined in any collateral attack, including, but not limited to, a motion brought under [28 U.S.C. § 2255], except that defendant may make such challenge (1) as indicated in subparagraph "b" below, or (2) based on a claim of ineffective assistance of counsel.
>
> b. If the Court imposes a sentence greater than specified in the guideline range determined by the Court to be applicable to the Defendant, the Defendant retains the right to appeal the portion of his sentence greater than specified in that guideline range and the manner in which that portion was determined under Section 3742 and to challenge that portion of his sentence in a collateral attack.

Gov. Ex. B, ¶ 13.

During the change of plea proceeding, Ho acknowledged that he understood that the plea agreement limited his right to appeal his sentence with

one exception -- "if the Court sentences you above the guideline range determined by the Court, you could still appeal that portion of the sentence greater than the guidelines call for." Gov. Ex. E, 21. After determining that Ho's plea was knowing and voluntary, the court accepted his plea. *Id.* at 33-34.

During the March 3, 2006 sentencing hearing, the court and the parties agreed that the advisory United States Sentencing Guideline ("USSG" or "guideline") range was 262 to 327 months,[1] and that the offense of conviction carried a mandatory minimum twenty-year sentence. Gov. Ex. C, 5. The court then granted the United States' Motion for Downward Departure, brought pursuant to USSG § 5K1.1 and 18 U.S.C. § 3553(e). *Id.* at 6.

Ho's counsel, Craig Kimsel, then sought a departure greater than the three levels recommended by the government. Kimsel discussed Ho's cooperation, his difficult childhood, and his medical condition. Although Kimsel did not file a motion or otherwise raise these matters prior to sentencing, during the hearing the court was informed that Ho suffered from Joseph-Machado

---

[1] As a result of Ho's prior convictions for Promoting Dangerous Drug in the Second Degree and two counts of Burglary in the First Degree, both in Hawaii state court, Ho was classified as a career offender, resulting in a base offense level 37, criminal history category VI. After receiving a reduction of three levels for acceptance of responsibility, his total offense level was 34, criminal history category VI, with a range of 262-327 months.

disease, a progressive and terminal neurological disorder, that his grandfather died from the disease, and that his father is dying from the disease. *Id*. at 10-13.

Based on Ho's medical condition, the court concluded that absent a motion for downward departure, the court would sentence Ho to twenty years, the mandatory minimum sentence. The court also stated that pursuant to § 3553(e), in departing downward from twenty years, the court could only consider his cooperation, not the general § 3553(a) factors. *Id*. at 17-18. In other words, because of Ho's medical condition, and considering the § 3553(a) factors, the court based its starting point for the departure at 240 months (below the advisory guideline range of 262 to 327 months), but determined that any departure below 240 months could only take into consideration his cooperation and not his medical condition. After considering his cooperation, Ho was sentenced to 180 months incarceration, followed by five years of supervised release. *Id*. at 19, 22. Ho was then informed of his right to appeal. *Id.* at 22.

Kimsel did not file a Notice of Appeal. Ho filed a pro se notice of appeal on June 6, 2006. On September 11, 2006, the Ninth Circuit dismissed the appeal, granting Ho's motion for voluntary dismissal.

///

///

## II. **STANDARD OF REVIEW**

The court's review of Ho's motion is governed by 28 U.S.C. § 2255:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

A court should hold an evidentiary hearing on a § 2255 motion "unless the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255. In the Ninth Circuit, this standard requires an evidentiary hearing where "the movant has made specific factual allegations that, if true, state a claim on which relief could be granted." *United States v. Schaflander*, 743 F.2d 714, 717 (9th Cir. 1984). Given Ho's claim that he specifically requested Kimsel to file a notice of appeal, and given Kimsel's denial of that claim, the court ordered an evidentiary hearing and appointed Ho new counsel. *See* Rules Governing Section 2255 Proceedings For the United States District Court, Rule 8(c).

## III. ANALYSIS

Ho claims that Kimsel was ineffective in two ways. First, he claims that Kimsel failed to follow his instructions to file a Notice of Appeal. Second, Ho argues that Kimsel was ineffective in not providing the court with sufficient information concerning Joseph-Machado disease, Ho's medical condition at the time of sentencing, and his prognosis.[2]

### A.   Legal Framework for Ineffective Assistance of Counsel Claims

The Sixth Amendment guarantees the right to the effective assistance of counsel at all critical stages of a criminal proceeding, including sentencing. *United States v. Gonzalez*, 113 F.3d 1026, 1029 (9th Cir. 1997). Further, the Sixth Amendment may be violated if counsel fails to file a notice of appeal. *Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000). To demonstrate ineffective assistance of counsel, a petitioner must demonstrate: that (1) that his counsel's performance was objectively deficient, and (2) the deficient performance prejudiced his

---

[2] Ho raised other issues in his initial § 2255 Motion, but at the February 11, 2008 hearing made clear that he was waiving all issues raised in the motion other than his claim regarding the filing of a notice of appeal and his medical condition. Ho also presented evidence regarding his current medical condition, and appears to argue that the court should reduce his term of imprisonment pursuant to 18 U.S.C. § 3582(c)(1)(A) (permitting the court to reduce a term of incarceration upon motion of the Director of the Bureau of Prisons). A § 3582(c)(1)(A) motion, however, can only be brought by the Director of the Bureau of Prisons, not a defendant or the court. *United States v. Smartt*, 129 F.3d 539, 541 (10th Cir. 1997).

defense. *Strickland v. Washington*, 466 U.S. 668 (1984). Counsel "is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Id*. at 690. Even if counsel's performance was deficient, the petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694.

**B.     Kimsel Was Not Ineffective for Failing to File a Notice of Appeal**

Ho waived most of his appellate rights in his plea agreement. Specifically, paragraph 13 of the plea agreement provides that Ho knowingly waived his right to appeal except in one circumstance: "If the Court imposes a sentence greater than specified in the guideline range determined by the Court to be applicable to the Defendant, the Defendant retains the right to appeal the portion of the sentence greater than specified in that guideline range under Section 3742[.]"[3] Gov. Ex B, ¶ 13. During the change of plea proceeding, Ho acknowledged that he understood that the plea agreement limited his right to appeal.[4] Gov. Ex. E, 21.

---

[3] Ho likewise waived his right to file a § 2255 motion, with two exceptions -- if the court imposed a sentence greater than called for by the guidelines or based on a claim of ineffective assistance of counsel.

[4] A review of the Rule 11 proceeding demonstrates that Ho's waiver of his right to appeal was both knowing and voluntary. "A defendant's waiver of his appellate rights is

Where a defendant instructs counsel to pursue an appeal, and the counsel fails to do so, that representation is *per se* ineffective (even in the face of an appeal waiver). *United States v. Sandoval-Lopez*, 409 F.3d 1193, 1197 (9th Cir. 2005). A different rule applies, however, where a defendant and his counsel do not discuss appellate rights. *Roe v. Flores-Ortega*, 528 U.S. 470 (2000), rejected the Ninth Circuit's bright-line rule that failing to file a notice of appeal without the defendant's consent is *per se* deficient under *Strickland*. Instead, the Court held that where the defendant "neither instructs counsel to file an appeal nor asks that an appeal not be taken," a court must ask whether counsel consulted with the defendant about an appeal, meaning to advise the defendant about the advantages and disadvantages of an appeal and making a "reasonable effort to discover the defendant's wishes." *Flores-Ortega*, 528 U.S. at 478. If counsel did not consult with the defendant, the court must determine if the failure to consult with the defendant constitutes deficient performance. *Id.* "[C]ounsel has a constitutionally imposed duty to consult with the defendant about an appeal where there is reason to think either (1) that a rational defendant would want to appeal

---

enforceable if (1) the language of the waiver encompasses his right to appeal on the grounds raised, and (2) the waiver is knowingly and voluntarily made." *United States v. Jeronimo,* 398 F.3d 1149, 1153 (9th Cir. 2005).

(for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing." *Id*. at 480.  A "highly relevant" factor is whether the conviction follows a trial or guilty plea, and whether the defendant waived his appellate rights.  *Id*.  If the first *Strickland* prong is met, to show prejudice a defendant "must demonstrate that there is a reasonable probability that, but for counsel's deficient failure to consult with him about an appeal, he would have timely appealed." *Id*. at 484.

    Kimsel testified during the February 11, 2008 hearing that Ho never requested that he file a notice of appeal, and that had Ho made such a request, he would have filed the notice of appeal.  Ho, on the other hand, testified that he requested Kimsel to file a notice of appeal several times after he was sentenced and prior to the ten-day notice of appeal deadline.  Ho also testified that he believed that Kimsel failed adequately to inform the court regarding his medical condition, and that he discussed this with Kimsel after he was sentenced.  Kimsel testified that Ho was in fact pleased with his sentence of 180 months and never raised any concerns with him after sentencing.

    Having considered the testimony of both witnesses, the court finds that Kimsel credibly testified that Ho informed him that he was pleased with his

sentence and that Ho never informed Kimsel, orally or in writing, that he wanted to appeal his sentence.

The court thus concludes that other than discussing the plea agreement's waiver of appeal, Kimsel and Ho never discussed the possibility of an appeal.[5] More specifically, Ho never requested that Kimsel pursue his appellate rights.

Using the *Flores-Ortega* framework, the court easily concludes that Kimsel's performance was not deficient. The Ninth Circuit recently opined that where a defendant waived his right to appeal and did not affirmatively ask his counsel to file a notice of appeal, the failure to file that notice is not deficient:

> In the hypothetical scenario where Sandoval-Lopez never expressed any desire to appeal, *Flores-Ortega* would completely foreclose an ineffective assistance of counsel claim. In such a scenario, because there was no ground for appeal, as an appeal had been waived, and he had obtained the benefit of his very favorable plea bargain, no rational defendant would want to appeal. So Sandoval-Lopez's lawyer's failure to file a notice of appeal would not be deficient performance, if he and his client did not consult about an appeal.

---

[5] At the conclusion of the sentencing hearing, Ho was informed by the court that although he had waived many of his rights to appeal, "if you . . . believe the appeal waiver is not enforceable or if you believe that you can appeal a matter not waived in your plea agreement, then you must do so within ten days of entry of judgment." Gov. Ex. C, 22. He was also informed of his right to a court-appointed counsel to bring an appeal. *Id.* at 22-23.

*Sandoval-Lopez*, 409 F.3d at 1196. Although dicta, the reasoning is clearly applicable to Ho. Given the appeal waiver, and that he was sentenced below the guideline range (resulting in a waiver of appellate review of his sentence), no rational defendant would want to appeal. *See also United States v. Jeronimo*, 398 F.3d 1149, 1152-53 (9th Cir. 2005) ("We lack jurisdiction to entertain appeals where there was a valid and enforceable waiver of the right to appeal."). Further, Ho did not reasonably demonstrate to Kimsel that he was interested in appealing. Under these circumstances, where Ho received the benefit of his plea agreement and waived his right to appeal, the court finds that Kimsel was not deficient in failing to file a notice of appeal. Given this finding, the court need not address *Strickland's* prejudice prong.

**C.    Kimsel Was Not Ineffective in Representing Ho at Sentencing**

Ho claims that Kimsel failed to inform the court, in a meaningful way, that he suffered from Joseph-Machado's disease. Specifically, he argues that Kimsel should have filed a motion for downward departure or otherwise informed the court of Ho's medical condition *prior* to sentencing,[6] and that Kimsel failed to

---

[6] It also appears that sparse information was provided to the U.S. Probation Office concerning Ho's condition prior to the preparation of the Presentence Investigation Report ("PSIR"). The PSIR states that "[s]ince 2003, the defendant has experienced symptoms of Joseph's Disease, an inherited disease which affects his speech, coordination and equilibrium. Otherwise, he stated that he is in good health." PSIR ¶ 54.

11

provide the court with accurate and complete information regarding the disease, including that the disease is progressive and ultimately terminal. As a result, according to Ho, Kimsel was deficient in presenting the court with relevant sentencing factors, including 18 U.S.C. § 3553(a)(2)(D).

The court need not determine if Kimsel's performance was deficient because the court concludes that Ho was not prejudiced. *See Fields v. Brown,* 503 F.3d 755, 776 (9th Cir. 2007) (noting that *Strickland* permits courts to make a prejudice determination without first deciding deficiency). Prejudice exists if "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. No such prejudice exists in this case; had Kimsel brought all the relevant information to the court's attention prior to sentencing, the result of the sentencing would have been the same.

Based on information that was provided to the court during the sentencing hearing, the court concluded that absent a motion for downward departure, the court would sentence Ho to twenty years, the mandatory minimum. In other words, taking into consideration the § 3553(a) factors, the court determined that absent a motion for downward departure, a sentence of 240

months (below the advisory guideline range of 262-327 months) would be imposed.  During sentencing, the court also explained its view that pursuant to § 3553(e), in departing downward from twenty years, the court was limited to a consideration of Ho's cooperation, not the general § 3553(a) factors.  Thus, because of Ho's medical condition, and considering the § 3553(a) factors, the court based its starting point for the departure at 240 months, but determined that the departure below 240 months could only take into consideration his cooperation and not his medical condition.  Ho was then sentenced to 180 months incarceration, 60 months below the mandatory minimum.

Because the court did exercise its discretion under *United States v. Booker*, 543 U.S. 220 (2005), and use 240 months as its starting point for the government's motion for downward departure based on Ho's cooperation, the only way Ho could be prejudiced is if the court erred in concluding that the § 3553(a) factors could not be considered in departing downward from 240 months. Based on the plain language of § 3553(e) and case law from various circuits, the court concludes that it could not consider factors other than Ho's cooperation in departing from his mandatory minimum sentence of 240 months.

A plain reading of 18 U.S.C. § 3553(e) supports this conclusion. This provision authorizes a departure to reflect a defendant's substantial assistance in the investigation or prosecution of another:

> Upon motion of the Government, the court shall have the authority to impose a sentence below a level established by statute as a minimum sentence *so as to reflect a defendant's substantial assistance in the investigation or prosecution of another person who has committed an offense*. Such sentence shall be imposed in accordance with the guidelines and policy statements issued by the Sentencing Commission pursuant to section 994 of title 28, United States Code.

18 U.S.C. § 3553(e) (emphasis added).

Prior to *Booker*, the Ninth Circuit held that § 3553(e) limits a district court to consideration of cooperation-related factors only:

> The guidelines themselves provide a list of factors, unrelated to offense conduct and criminal history, that a district court should consider in fixing a substantial assistance departure. It is the consideration of these factors that § 3553(e) requires. The § 5K1.1(a) list is non-exhaustive, and a district court may consider other factors bearing on the quality of the assistance provided. *The district court may not, however, consider factors unrelated to the defendant's assistance.*

*United States v. Auld*, 321 F.3d 861, 867 (9th Cir. 2003) (citations omitted) (emphasis added).

Several circuits have reaffirmed this rule post-*Booker*. *See United States v. Desselle*, 450 F.3d 179, 182 (5th Cir. 2006) (holding that "the extent of a

§ 5K1.1 or § 3553(e) departure must be based solely on assistance-related concerns"); *United States v. Williams*, 474 F.3d 1130, 1132 (8th Cir. 2007) (holding that "[i]f a district court imposes a sentence below the statutory minimum in part so as to reflect the history and characteristics of the defendant, *see* § 3553(a)(1), then the court exceeds the limited authority granted by § 3553(e)"); *United States v. Mangaroo*, 504 F.3d 1350, 1356 (11th Cir. 2007) (holding that "[r]eliance on non-assistance factors in a § 3553(e) downward departure constitutes error as a matter of law"); *United States v. Crayton*, 2008 WL 162823, at *1 (7th Cir. Jan. 18, 2008) (unpublished) (holding that the district court "may not further reduce that sentence based on unrelated factors set forth in 18 U.S.C. § 3553(a)).[7]

In sum, even had Kimsel filed a motion for downward departure or sentencing memorandum setting forth the details of Ho's medical condition, the

---

[7] The court likewise concludes that *Auld* remains the law of this circuit post-*Booker*. If intervening Supreme Court authority is clearly irreconcilable with Ninth Circuit precedent, "a three-judge panel of this court and district courts should consider themselves bound by the intervening higher authority and reject the prior opinion of this court as having been effectively overruled." *Miller v. Gammie*, 335 F.3d 889, 900 (9th Cir. 2003) (en banc). *Booker*, however, is not clearly irreconcilable with *Auld*. Because *Booker* did not render mandatory minimum sentences unconstitutional or otherwise question the continuing validity of § 3553(e), *Auld's* holding that Congress may constitutionally limit a court's authority to impose a sentence below a mandatory minimum sentence does not conflict with *Booker*. *Auld* thus remains the law of the circuit.

court could not have used that information for any purpose other than determining the starting point for the government's motion for downward departure brought under § 3553(e).  Given the information available to it at sentencing, the court did consider Ho's illness and used the mandatory minimum of 240 months as its starting point for the § 3553(e) departure.  No further reduction based on Ho's medical condition was legally possible.

## IV.  **CONCLUSION**

Ho's motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence is DENIED.  The Clerk of Court is directed to enter judgment and terminate this action.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, February 15, 2008.



/s/ J. Michael Seabright
J. Michael Seabright
United States District Judge

*Ho v. United States*; Civil No. 07-00473 JMS/BMK; Cr. No. 05-00027-02 JMS; Order Denying Petitioner's Motion to Vacate, Set Aside, or Correct a Sentence